Case 2:12-cv-04954-DMG-SS   Document 1   Filed 06/06/12   Page 1 of 14   Page ID #:5

```
FILED
2012 JUN -6 PM 3:12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____
```

Robert F. Brennan, Esq. [S.B. #132449]
Robert A. Wiener, Esq. [S.B. #132847]
**BRENNAN, WIENER & ASSOCIATES**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Jeffery Howe

# UNTIED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JEFFERY HOWE, an Individual;

    Plaintiff,

vs.

NCO FINANCIAL SYSTEMS, INC., is a Corporation; DIRECTV, LLC., a business entity form unknown and DOES 1-10, Inclusive,

    Defendants.

Case No. **CV12-4954-MAN**

**COMPLAINT FOR DAMAGES:**

1. VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
2. VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
3. VIOLATION OF THE FAIR CREDIT REPORTING ACT;
4. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT.

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

1. Plaintiff JEFFERY HOWE ("Plaintiff") is a resident of County of Los Angeles, State of California.

---

COMPLAINT FOR DAMAGES

1      2. NCO FINANCIAL ("NCO") is a financial institution which, among
2  other activities, acts as a debt collection agency which reports allegedly delinquent
3  debts to credit bureaus.
4      3. DIRECT TV ("DIRECT TV") is a creditor which, among other activities,
5  reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the
6  Fair Credit Reporting Act.
7      4. Defendants DOES 1-10 are individuals and business entities, form
8  unknown, doing business in the State of California as credit reporting agencies,
9  debt collection agencies, creditors or other persons or entities which engage in
10 credit reporting and/or debt collection. DOES 1-10, Inclusive, includes
11 individuals or business entities doing business in the State of California as credit
12 reporting agencies, debt collectors and/or creditors who have refused to delete
13 accounts of Plaintiff that were procured through identity theft, mixed file or other
14 manner of recording an inaccurate credit account, even after plaintiff has notified
15 them of the false or inaccurate derogatory, and also who have reported such
16 accounts as derogatory credit references to credit reporting agencies.
17     5. Plaintiff does not know the true names and capacities, whether corporate,
18 partnership, associate, individual or otherwise of Defendants sued herein as Does
19 1 through 10, inclusive, under the provisions of Section 474 of the California
20 Code of Civil Procedure. Plaintiff is informed and believes and on that basis
21 alleges that Defendants Does 1 through 10, inclusive, are in some manner
22 responsible for the acts, occurrences and transactions as officers, directors or
23 managing agents of Defendants or as its agents, servants, employees and/or joint
24 venturers and as set forth in this complaint, and that each of them are legally liable
25 to Plaintiff, as set forth below and herein:
26     a) Said Officers, directors or managing agents of Defendants personally
27 acted willfully with respect to the matters alleged in this complaint;
28

COMPLAINT FOR DAMAGES

1  b) Said officers, directors or managing agents of Defendants personally
2 authorized, approved of, adopted and/or ratified the acts alleged herein or the
3 agents, servants, employees and/or joint venturers of Defendants did so act;
4  c) Said officers, directors or managing agents of Defendants personally
5 participated in the acts alleged herein of Defendants;
6  d) Said Officers, directors or managing agents of Defendants personally had
7 close supervision of their agents, servants, employees and/or joint venturers of
8 Defendants;
9  e) Said Officers, directors or managing agents of Defendants personally
10 were familiar with the facts regarding the matters alleged herein;
11  f) Said Officers, directors or managing agents of Defendants personally
12 failed to investigate the circumstances appertaining to the acts alleged herein.
13 They also failed and refused to repudiate the herein alleged actions and failed to
14 redress the harm done to Plaintiffs. Further, said Officers, directors, or managing
15 agents of Defendants failed and refused to punish or discharge the said agents,
16 servants, employees and/or joint venturers of Defendants, even after learning of
17 the acts of the agents, servants, employees and/or joint venturers of Defendants.
18 Plaintiffs will seek leave to amend this complaint to set forth the true names and
19 capacities of said fictitiously named Defendants as enumerated above, together
20 with appropriate charging allegations, when learned.
21  6. Plaintiff is informed and believes, and thereon alleges that at all relevant
22 times herein each Defendant, whether actually or fictitiously named, was the
23 principal, joint venturer, agent, servant or employee of each other Defendant, and
24 in acting as such within the course, scope and authority of such relationship, took
25 some part in the acts and omissions hereinafter set forth, by reason of which each
26 Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any
27 future amended complaint. Further, Plaintiff alleges that each act alleged herein,
28

---

COMPLAINT FOR DAMAGES

1  whether by a named Defendants or fictitiously named Defendants or otherwise,
2  was expressly authorized or ratified, as these terms are used in California Civil
3  Code Section 3294(b), by each and every other Defendant herein, whether named
4  or fictitiously named.

## COMMON FACTUAL ALLEGATIONS

7. On or about 2004 Plaintiff established service with DIRECT TV. On or about 2008 or 2009, Plaintiff cancelled the DIRECT TV service due to poor service and accounting. Plaintiff was sent a pre-paid box to return the decoder box which he did immediately.

8. On or about January 25, 2009, Plaintiff received a billing statement indicating an adjustment to Plaintiff of $141.33. Plaintiff did not owe DIRECT TV any monies.

9. On or about February, 2010, Plaintiff discovered that NCO was appearing on his personal credit report for a debt from DIRECT TV.

10. On or about February 8. 2010, Plaintiff sent correspondence to Experian and to Equifax disputing the NCO collection account.

11. On or about April 2010 Experian responded to Plaintiff's dispute that the NCO account was deleted.

12. On or about November 19, 2010, Equifax responded to Plaintiff that the NCO account was "currently not reporting".

13. On or about April 2012, Plaintiff discovered that the NCO account was once again appearing on his credit report.

14. Plaintiff has sent many demands for investigation but Defendant NCO, DIRECT TV and DOES 1-10 have refused, despite Plaintiff's telephone calls and written requests stating that he is not responsible for the DIRECT TV account and to cease collection activity. Despite several telephone calls and letters NCO,

COMPLAINT FOR DAMAGES

1 | DIRECT TV and DOES 1-10 have continued to maintain that Plaintiff was
2 | responsible and delinquent. On information and belief, NCO, DIRECT TV and
3 | DOES 1-10, Inclusive, have also threatened, or accomplished, false credit
4 | reporting of this account onto plaintiff's personal credit reports.

## FIRST CAUSE OF ACTION
### [VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AGAINST NCO AND DOES 1-10, INCLUSIVE]

15. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

16. As previously alleged, defendant NCO is a "debt collector" within the meaning of the federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. NCO and DOES 1-10, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e (8), namely, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Plaintiff reserves the right to allege other violations of the FDCPA as the facts of the case unfold.

18. Plaintiff alleges that NCO and DOES 1-10, Inclusive, violated other provisions of the federal Fair Debt Collection Practices Act, as follows:

    a. 15 U.S.C. Section 1692d: NCO and DOES 1-10, Inclusive, engaged in debt collection efforts after they knew, and had determined, that it had no basis for continuing to charge Plaintiff for DIRECT TV accounts. This had the natural consequence of harassing, abusing and oppressing Plaintiff.

    b. 15 U.S.C. Section 1692e: NCO and DOES 1-10, Inclusive, have threatened action, or taken action, including threats of credit reporting, threats of

COMPLAINT FOR DAMAGES

1 lawsuits and implicit or explicit threats of derogatory credit reporting, that cannot
2 legally be taken because the debt is not Mr. Howe's debt.
3      c. 15 U.S.C. Section 1692f: NCO and DOES 1-10, inclusive, have
4 each used unfair or unconscionable means to collect or attempt to collect the
5 alleged debt. Specifically, each has attempted to collect amounts not expressly
6 authorized by law or by agreement, and have continued to attempt collection in
7 spite of cancelation of the underlying agreement. In essence, there is no
8 agreement and no obligation by which Mr. Howe owes money to NCO or DIRECT
9 TV, yet NCO persists in its collection efforts.
10    19. As a result of these violations of the federal Fair Debt Collection
11 Practices Act by NCO and DOES 1-10, Inclusive, Plaintiff has suffered general
12 and special damages according to proof, and is entitled to a statutory penalty for
13 each separate violation of Act. In addition, Plaintiff is entitled to attorney's fees,
14 costs and expenses.

## SECOND CAUSE OF ACTION
## [VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST ALL DEFENDANTS]

18    20. Plaintiff incorporates all preceding paragraphs as though alleged in full
19 in this cause of action.
20    21. Within two years prior to the filing of the complaint in this action,
21 defendants NCO, DIRECT TV and DOES 1-10, Inclusive, both willfully and
22 negligently violated the California Consumer Credit Reporting Agencies Act in at
23 least the following ways:
24    a. By willfully and negligently failing, in the furnishing of derogatory credit
25 information for the consumer report concerning Plaintiff, to follow reasonable
26 procedures to assure maximum possible accuracy of the information in the report;
27    b. By willfully and negligently furnishing to credit reporting agencies
28

---

information about the Plaintiff which Defendants NCO, DIRECT TV and DOES 1-10, Inclusive knew, or should have known, was incomplete, inaccurate and/or unverifiable;

    c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

    d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the Defendants NCO, DIRECT TV and DOES 1-10, Inclusive; and,

    e. By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct any incorrect, incomplete or inaccurate credit reporting.

22. Each of the Defendants NCO, DIRECT TV and DOES 1-10, Inclusive willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiff's credit reports. Plaintiff alleges that each of the Defendants NCO, DIRECT TV and DOES 1-10, Inclusive' policies and practices hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

23. As a proximate result of the willful and negligent actions of the Defendants NCO, DIRECT TV and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting

Agencies Act.

## THIRD CAUSE OF ACTION
### [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

24. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

25. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act.

26. On or about 2008, Plaintiff cancelled his service with DIRECT TV.

27. On or about February 2010, Plaintiff discovered that NCO was reporting for DIRECT TV on his credit profile causing him to immediately dispute the validity of the collection action. A few months later he discovered that the collection activity was removed.

28. On or about April 2012, Plaintiff discovered that the NCO collection activity was again appearing on his credit profile.

29. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

30. Within the past five years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

---

COMPLAINT FOR DAMAGES

    b. By willfully and negligently failing to correct, after receiving ample notice, information about the plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

    c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

    d. By willfully and negligently failing to conduct an adequate investigation of plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

    e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

    f. By willfully and negligently failing to provide notice to plaintiff of the furnishing of negative credit information to credit reporting agencies, and,

    g. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

31. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, plaintiff is entitled to actual damages, loss of wages, pain and suffering, punitive damages, penalties, costs and attorney fees.

32. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant

onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the plaintiff and are not disclosed to the borrowing public at large.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For actual, general and special damages according to proof at trial;
2. For statutory penalties or civil penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs and expenses of suit; and
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: June 7, 2012           BRENNAN, WIENER, & ASSOCIATES

By: _____
Robert F. Brennan
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

Robert F. Brennan SBN 132449
BRENNAN, WIENER & ASSOCIATES AP.C.
3150 Montrose Ave.
La Crescenta CA 91214
Tel: 818-249-5291
Fax: 818-249-4329

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY HOWE, an Individual;<br><br>　　　　　　　　　　　　PLAINTIFF(S)<br>　　　　v.<br><br>NCO FINANCIAL SYSTEMS, INC., is a Corporation; DIRECTV, LLC., a business entity form unknown and DOES 1-10, Inclusive,<br>　　　　　　　　　　　　DEFENDANT(S). | CASE NUMBER<br><br>**CV12-4954-MAN**<br><br>SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Robert F. Brennan_____, whose address is _3150 Montrose Ave. La Crescenta CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

　　　　　　　　　　　　　　　　　　　　　　　　Clerk, U.S. District Court

Dated: __JUN - 6 2012__　　　　　　　　　By: __MARILYN_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk
　　　　　　　　　　　　　　　　　　　　　　(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)　　　　　　　　　　　　SUMMONS



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JEFFERY HOWE, an Individual;

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC., is a Corporation; DIRECTV, LLC., a business entity form unknown and DOES 1-10, Inclusive,

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Los Angeles County

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Los Angeles, California

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Brennan, Esq. SBN 132449
BRENNAN, WIENER & ASSOCIATES
3150 Montrose Ave.
La Crescenta, CA 91214  Telephone 818-249-5291

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT:** $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE /PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**  Case Number:  **CV12-4954**

CV-71 (07/05)                            CIVIL COVER SHEET                                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
DirecTV, Inc: California
NCO Financial Systems: Pennsylvania

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   June 5, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |